UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. CANDLER,<br><br>            Petitioner,<br><br>      v.<br><br>PAT HORN,<br><br>            Respondent. | No. 2:24-cv-3026 DAD CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254, and is serving an indeterminate sentence of seven years to life in state prison. (ECF No. 1 at 14.) Petitioner challenges a prison disciplinary violation for possession of a deadly weapon. Pending before the Court is respondent's motion to dismiss the habeas petition for failure to state a federal habeas claim, and in the alternative, respondent contends that even if petitioner stated a cognizable habeas claim, the petition is barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted, and the petition dismissed for lack of habeas jurisdiction.

I.      LEGAL STANDARDS

A respondent's motion to dismiss is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Under Rule 4,

1

this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

II.     BACKGROUND

On January 21, 2022, a Rules Violation Report ("RVR"), Log #7154231, or prison disciplinary, was issued to petitioner for possession of a deadly weapon. (ECF No. 1 at 30.) On March 18, 2022, following a hearing, petitioner was found guilty of possession of a deadly weapon in RVR Log #7154231. (ECF Nos. 1 at 6-8, 44-53; 11 at 40-47.)

On March 30, 2022, petitioner signed an administrative appeal of the RVR. (ECF Nos. 1 at 55-56; 11 at 50.) The appeal was accepted and on April 12, 2022, the Office of Grievances denied the appeal. (ECF Nos. 1 at 57-58; 11 at 51.) The appeal reviewer found there were no due process violations during the hearing, noting petitioner was able to call the reporting employee as a witness. (Id.) The hearing officer deemed five staff witnesses as irrelevant because they submitted incident reports available to the hearing officer at the hearing, and denied inmate James as a witness because the investigative employee report referenced the same questions of inmate James as petitioner attempted to ask at the hearing. (Id.)

Petitioner timely sought second level review, but the Office of Appeals was unable to complete a timely response, and stated that their July 4, 2022 response exhausted petitioner's administrative remedies. (ECF No. 11 at 54.)

On December 6, 2022,[1] petitioner signed a petition for writ of habeas corpus filed in the Sacramento County Superior Court challenging the March 18, 2022 RVR. (ECF No. 11 at 9-62.) On January 27, 2023, the state superior court denied the petition, finding that petitioner demonstrated he exhausted his administrative remedies, but finding that petitioner failed to state a prima facie case for relief. (ECF No. 11 at 65, 68.)

On September 26, 2023, petitioner signed a petition for writ of habeas corpus challenging the RVR in the California Court of Appeal, Third Appellate District, No. C099579. (ECF No. 11

---

[1] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

at 70-162.) The state appellate court denied the petition on November 2, 2023, without comment. (ECF No. 11 at 165.)

On January 28, 2024, petitioner signed a petition for writ of habeas corpus in the California Supreme Court, No. S283677. (ECF No. 11 at 168-235.) On May 29, 2024, the California Supreme Court denied the petition without comment. (ECF No. 11 at 240.)

On October 29, 2024, petitioner signed the original petition in this action. (ECF No. 1.) Petitioner contends that his due process rights were violated during the March 18, 2022 hearing on the RVR, he was wrongfully placed in administrative segregation, and seeks an order to show cause. (Id. at 4-9.)

Respondent filed the motion to dismiss on March 3, 2025. (ECF No. 11.) Petitioner filed a timely opposition. (ECF No. 12.) Respondent did not file a reply.

III.    FAILURE TO STATE COGNIZABLE HABEAS CLAIM

   A.   The Parties' Positions

Initially, respondent contends that the petition fails to allege a cognizable habeas claim because petitioner's allegations that his due process rights were violated during the hearing on the RVR fail to implicate the fact or duration of his confinement. (ECF No. 11 at 3-4.) Petitioner counters that the RVR has affected his sentence because on January 14, 2025, the parole board cited the RVR as the reason to deny petitioner parole. (ECF No. 12 at 5.)

   B.   Legal Standards

Claims in a federal habeas petition must lie at the core of habeas corpus in order to proceed. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc). Specifically, habeas jurisdiction extends only to claims challenging the validity or actual duration of a prisoner's confinement. Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). This requirement is readily met when a prisoner challenges his conviction or sentence. However, when the challenge is to internal prison disciplinary proceedings, habeas jurisdiction exists only if success on petitioner's claims would necessarily result in his speedier release from custody. Nettles, 830 F.3d at 934-35; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

3

In Nettles, the Ninth Circuit found habeas jurisdiction lacking where a California petitioner was serving an indeterminate sentence and had not been found suitable for parole because while expungement of disciplinary violations and restoration of credits might increase the likelihood of a future grant of parole, expungement would not guarantee parole or otherwise "necessarily result in speedier release" under state law. Nettles, 830 F.3d at 934-35; see also Munoz v. Smith, 17 F.4th 1237, 1240 (9th Cir. 2021) ("A claim is within the core of habeas when, if successful, it terminates *custody*, accelerates the future release from *custody*, [ ] or reduces the level of *custody*.") (internal quotations and citation omitted) (emphasis in original)).

C. Discussion

Petitioner contends he should not have been put in administrative segregation (ECF No. 1 at 5), but does not identify other consequences he sustained as a result of the RVR.[2] (ECF No. 1 at 1-11.) However, as respondent argues, because petitioner is serving an indeterminate sentence of seven years to life in prison, a favorable outcome in these proceedings would not result in petitioner's immediate or even earlier release. Petitioner's filings do not demonstrate that he has been found suitable for parole or given a parole date.[3] Therefore, this 2022 RVR has only a speculative effect on the ultimate duration of his incarceration. See Nettles, 830 F.3d at 935 (explaining that because future parole suitability decisions turn on multiple factors, "the presence of a disciplinary infraction does not compel the denial of parole, nor does the absence of an infraction compel the grant of parole."); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (recognizing that relief which would improve prospects for future parole eligibility does

---

[2] Petitioner appended a copy of the RVR disposition, which reflects other sanctions were imposed, including the credit loss of 360 days. (ECF No. 1 at 50.) Petitioner's loss of credits does not change the outcome here. "[T]he award of Good Conduct Credit shall advance an incarcerated person's release date if sentenced to a determinate term or advance an incarcerated person's initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole." Cal. Code Regs. tit. 15, § 3043.2(b). Because petitioner is serving an indeterminate sentence and has not been found eligible for parole, restoration of good-time credits will not necessarily result in immediate or speedier release. Restoration of the credits will only advance the date of petitioner's parole eligibility and would not guarantee that petitioner would be found suitable for parole.

[3] The California Department of Corrections and Rehabilitation's website indicates that petitioner will be eligible for parole consideration in January 2028.

4

not "guarantee parole or necessarily shorten . . . prison sentences by a single day."). Because petitioner is serving an indeterminate prison term, petitioner will not be released from prison until the California Board of Parole Hearings finds petitioner suitable for parole, and such suitability findings are based on multiple factors. See Cal. Penal Code § 3041(b)(1); Nettles, 830 F.3d at 931; Vasquez v. Macomber, 2025 WL 56410, at *2 (N.D. Cal. Jan. 9, 2025) ("no claim will lie on the premise that an unexpunged disciplinary decision might affect parole," which is "based on many factors"). While the parole board in January 2025 may have cited petitioner's 2022 RVR, prison disciplinaries are just one factor the parole board considers in determining whether prisoners are suitable for parole. Because the instant petition does not challenge the fact or duration of petitioner's sentence, the petition should be dismissed for lack of habeas jurisdiction.

Finally, this Court has discretion to convert petitioner's § 2254 application to a § 1983 action. See Nettles, 830 F.3d at 936 ("a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). However, in light of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court declines to exercise its discretion in this case to recharacterize a habeas petition as a civil rights complaint. Based on the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, the Court finds that petitioner should not be obligated to proceed with a civil rights action unless he clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. Rather, the Court recommends that the habeas corpus petition be dismissed without prejudice to filing a § 1983 action should petitioner choose to do so.

IV.     ALTERNATIVE MOTION BASED ON STATUTE OF LIMITATIONS

Because this Court lacks habeas jurisdiction, the Court need not address respondent's alternative argument that petitioner's claim is barred by the statute of limitations.

V.      CONCLUSION

Based on the above findings, respondent's motion to dismiss should be granted for lack of habeas jurisdiction, and this action be dismissed without prejudice.

///

5

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted for lack of habeas jurisdiction.
2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 13, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cand3026.mtd.hc.rvrN